IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
NOV 7 2012
CLERK, US DISTRICT COURT
NORFOLK, VA

J. DAVID SINGLETARY, II,

Plaintiff,

v.                                                                  Civil Action No. 2:12cv298

STERLING TRANSPORT COMPANY, INC.,

Defendant.

## OPINION AND ORDER

This matter is before the Court on Plaintiff J. David Singletary, II's ("Plaintiff") Motion to Quash Subpoenas Duces Tecum and for a Protective Order. Doc. 7. On October 16, 2012, the Court convened a hearing and ruled from the bench. The Court **GRANTED** Plaintiff's Motion, quashing the subpoenas at issue and entering a Protective Order. This Opinion and Order sets forth the reasons for the Court's ruling in further detail.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed a Complaint in the Circuit Court for the City of Chesapeake against Defendant Sterling Transport Company, Inc. ("Defendant") alleging both violations of the Fair Labor Standards Act of 1938 ("FLSA"), § 1 et seq., as amended, 29 U.S.C. § 201 et seq., and breach of contract on April 23, 2012. Doc. 1, Attachment 1. Defendant answered in the Chesapeake Circuit Court on May 30, 2012, and removed the case to this Court on the same day. Docs. 1, 3. In his Complaint, Plaintiff alleges that he worked for Defendant as a local truck driver from, approximately, February 8, 2010, until March 19, 2012. Doc. 1, Attachment 1 at ¶

1

10. During that time, Plaintiff contends that he worked in excess of forty hours during some work weeks, but was not paid overtime as required by the FLSA. Id. at ¶ 29. Similarly, Plaintiff avers that he was denied pay for "Deadhead" trips – trips where he returned to his place of employment without any cargo. Id. at ¶ 30.

Plaintiff also alleges that he had an oral contract of employment with Defendant, memorialized by Defendant's employee handbook and pay practices, by which Defendant was entitled to (1) a percentage of the freight revenue generated by the loads he carried, (2) $9.00 per hour for "Deadhead" trips, and (3) a certain amount of accrued sick and personal leave, which was not subject to forfeiture upon termination. Id. at ¶¶ 13, 25-26. Plaintiff claims that Defendant breached this contract both by failing to pay Plaintiff his accrued "Deadhead" pay and by failing to pay him for his unused sick and personal days upon his termination of employment. Id. at ¶¶ 34, 38. Defendant denies each of these allegations, claiming that Defendant's motor carrier drivers are exempt from any overtime requirements under the FLSA and are, instead, subject to the Motor Carrier Act exception to the FLSA, 29 U.S.C. § 213(b)(1). Doc. 3, Attachment 1.

On September 14, 2012, Defendant served Plaintiff with four subpoenas duces tecum addressed to Plaintiff's previous employers, Triad Disposal, Old Dominion Peanut Company, Beach Ford, and Cavalier Ford.[1] Doc. 8 at 2. On September 27, 2012, Defendant issued a subpoena to Plaintiff's former employer, Stafford Transport, formerly First Tee Transport. Id. Each subpoena commanded the applicable third party to produce Plaintiff's "complete employment file" from the time when Plaintiff worked at that company: "The complete

---

[1] Defendant also served Plaintiff with a subpoena duces tecum addressed to the Virginia State Police. This subpoena, however, is not the subject of the instant Motion to Quash.

2

employment file of [Plaintiff], including application, evaluations, payroll records, correspondence, notes, records, omitting nothing." Doc. 8, Attachments 1-4, 7.

On September 29, 2012, Plaintiff filed the instant Motion and Memorandum in Support to quash the five subpoenas duces tecum under Fed. R. Civ. P. 45 and for a protective order under Fed. R. Civ. P. 26. Docs. 7, 8. Defendant responded in opposition on October 12, 2012. Doc. 11. On October 16, 2012, the Court convened a hearing and ruled from the bench.

## II. DISCUSSION

### A. Plaintiff's Standing to Challenge Defendant's Subpoenas Duces Tecum

Before addressing the merits of Plaintiff's Motion, the Court must first determine whether Plaintiff has standing to attempt to quash the applicable subpoenas duces tecum. "Ordinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena." United States v. Idema, 118 F. App'x 740, 744 (4th Cir. 2005); see also Green v. Sauder Mouldings, Inc., 223 F.R.D. 304, 306 (E.D. Va. 2004). Plaintiff contends that he holds such a "personal right" with respect to the information contained in his employment records, maintained by his former employers.

The parties have not identified, nor has the Court found, any cases within the Fourth Circuit discussing whether a party possesses a personal right in the information contained in employment records sufficient to confer standing. Nevertheless, numerous courts from within a wide variety of circuits have approved the existence of such a right and have held that such parties have standing to challenge subpoenas directed to their former employers. See, e.g., Hendricks v. Total Quality Logistics, LLC, 275 F.R.D. 251, 253 n.1 (S.D. Ohio 2011) ("[C]ourts have repeatedly found that an individual possesses a personal right with respect to information

contained in employment records and, thus, has standing to challenge such a subpoena.") (citing Barrington v. Mortgage IT, Inc., No. 07-61304-CIV, 2007 WL 4370647, at *2 (S.D. Fla. Dec. 10, 2007)); Barrington, 2007 WL 4370647, at *2 (same, and collecting cases); Chamberlain v. Farmington Savings Bank, No. 3:06CV01437, 2007 WL 2786421, at *1 (D. Conn. Sept. 25, 2007) ("The plaintiff clearly has a personal right with respect to information contained in his employment records."); Stewart v. Mitchell Transport, No. 01-2546-JWL, 2002 WL 1558210, at *2 (D. Kan. July 8, 2002) ("The Court finds that [the defendant] clearly has a personal right with respect to the information contained in his personnel files, job applications, and performance evaluations. Thus . . . [the defendant] has standing to move to quash the subpoenas served on his employers . . . .").

Indeed, the court's reasoning in Barrington is especially persuasive. There, in addition to citing to the wealth of cases endorsing the existence of a personal right in employment records, the court noted that employment records are likely to "contain highly personal and confidential information, such as social security numbers, medical information protected from disclosure under various federal and state laws, payroll information, income tax information, and information about family members." Barrington, 2007 WL 4370647, at *2. Thus, based on the "highly personal and confidential" nature of their files, the court concluded that the plaintiffs possessed a "personal right to the employment records [ ] sufficient to confer standing." Id.

Here, Defendant cites to three unpublished decisions from within the Fourth Circuit, arguing that Plaintiff should not have standing to challenge the applicable subpoenas duces tecum. Yet, none of these cases addressed standing in the context of employment records. See Idema, 118 F. App'x at 744 (finding no personal right in financial information related to criminal restitution); Corsair Special Situations Fund, L.P. v. Engineered Framing Sys., Inc., No. 09-

4

1201-PWG, 2011 U.S. Dist. LEXIS 91770, at *7-10 (D. Md. Aug. 17, 2011) (finding no personal right in telephone bills, invoices, and records); Robertson v. Cartinhour, No. AW-09-3436, 2010 U.S. Dist. LEXIS 16058, at *3 (D. Md. Feb. 23, 2010) (finding no personal right in bank records held by financial institutions).

Moreover, the differences between the types of information at issue in those cases and the type of information contained in employment records confirms to the Court Plaintiff's personal right in the latter. As the court in Robertson explained, a personal right does not attach to bank records because they "are not confidential communications, but [instead] instruments of commercial transactions" and "the business records of the bank." Robertson, 2010 U.S. Dist. LEXIS 16058, at *4 (citing Clayton Brokerage Co. v. Clement, 87 F.R.D. 569, 571 (D. Md. 1980)). In contrast, employment records contain "highly personal and confidential information" that the employee likely never intended to have shared with the general public or used beyond that which was necessary for the maintenance of his employment. See Barrington, 2007 WL 4370647, at *2. As such, and unlike the information found in the cases cited by Defendant, employment records are more akin to "confidential communications" than they are to instruments of any "commercial transaction." Consequently, the Court **FINDS** that Plaintiff has standing to challenge the subpoenas duces tecum addressed to his former employers and seeking his previous employment records.[2]

---

[2] Additionally, the Court notes that plaintiffs have standing to challenge subpoenas duces tecum as irrelevant and overbroad under Rule 26, regardless of whether they have standing to bring a motion to quash under Rule 45. See, e.g., Pena v. Burger King Corp., 2:12cv248-RBS-TEM, slip op. at 3 (E.D. Va. Sept. 21, 2012) (T. Miller, J.) (Doc. 23) ("It is not necessary for the Court to decide whether Plaintiff has standing under Rule 45 in this case, as Plaintiff has moved for a protective order under Rule 26 and clearly has standing to bring that motion."); Sirpal v. Wang, No. WDQ-12-0365, 2012 WL 2880565, at *4 n.12 (D. Md. July 12, 2012) (construing plaintiff's motion to quash as one for a protective order under Rule 26 and using relevance and overbreadth to quash the subpoena at issue); Wash. v. Thurgood Marshal Acad., 230 F.R.D. 18, 22 (D.D.C. 2005) (declining to consider standing for quashing subpoenas for employment records where party had alternatively moved for protective order and analyzing challenge to subpoenas under Rule 26 standards); Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc., 231 F.R.D. 426, 429 (M.D. Fla. 2005) (finding that a party did not have standing to move to quash a subpoena for financial records, but holding that the party nonetheless had standing to challenge the relevancy of documents sought by subpoena and

5

## B. Defendant's Subpoenas Duces Tecum are Overbroad

Rule 45 does not list irrelevance or overbreadth as reasons for quashing a subpoena. However, the scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rule 26. Cook v. Howard, No. 11-1601, 2012 WL 3634451, at *6 (4th Cir. Aug. 24, 2012) (per curiam) ("Although Rule 45(c) sets forth additional grounds on which a subpoena against a third party may be quashed . . . those factors are co-extensive with the general rules governing all discovery that are set forth in Rule 26."); see also Barrington, 2007 WL 4370647, at *3 (collecting cases). Thus, regardless of whether the Court considers Plaintiff's Motion under Rule 45 or Rule 26, the Court must review Defendant's subpoenas under the relevancy standards set forth in Rule 26(b).

Rule 26(b) limits the scope of discovery to those materials that are "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at trial, but it must appear to be "reasonably calculated to lead to the discovery of admissible evidence." Id. Notably, the Court "must limit the frequency or extent of discovery" if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Id. at 26(b)(2)(C). As such, the Court may quash a subpoena duces tecum as overbroad if it "does not limit the [documents] requested to those containing subject matter relevant to the underlying action." In re Subpoena Duces Tecum to AOL, LLC, 550 F. Supp. 2d 606, 612 (E.D. Va. 2008); see also Sirpal, 2012 WL 2880565, at *5.

---

deeming the motion to quash as a motion for a protective order under Rule 26). Thus, as Plaintiff also has made a motion for a protective order, Plaintiff has standing to challenge the applicable subpoenas duces tecum, regardless of whether the Court considers his Motion under Rule 45 or Rule 26.

Further, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by forbidding the disclosure or discovery of the material at issue. Fed. R. Civ. P. 26(c)(1). Likewise, Rule 45(c)(3) requires the Court to quash a subpoena that "subjects a person to an undue burden." Fed. R. Civ. P. 45(c)(3); see also Cook, 2012 WL 3634451, at *6 n.7. This undue burden category "encompasses situations where the subpoena seeks information irrelevant to the case." Cook, 2012 WL 3634451, at *6 n.7. Moreover, "[a] subpoena imposes an undue burden on a party when [it] is overbroad." In re Subpoena Duces Tecum, 550 F. Supp. 2d at 612.

Additionally, the burden of proof is with the party objecting to the discovery to establish that the challenged production should not be permitted. See Finley v. Trent, 955 F. Supp. 642, 648 (N.D. W. Va. 1997) (citing Castle v. Jallah, 142 F.R.D. 618, 620 (E.D. Va. 1992)).

Here, Defendant's subpoenas duces tecum are both overbroad and not tailored to a particular purpose. Indeed, although Defendant asserts that its subpoenas are appropriately tailored to seek relevant information, its subpoenas, instead, command the production of "[t]he complete employment file of [Plaintiff], including application, evaluations, payroll records, correspondence, notes, records, omitting nothing." Doc. 8, Attachments 1-4, 7 (emphasis added). Such subpoenas could lead to the production of medical information, social security numbers, payroll information, income tax information, information about family members, and other documents completely extraneous to this litigation, and the Court finds it difficult to conceive of subpoenas which could be more expansively written than these. See Hendricks, 275 F.R.D. at 255-56 (noting, where the subpoenas at issue requested "any and all personnel documents pertaining to the named plaintiff," that "it [was] difficult to conceive of subpoenas which could be more expansively written than those at issue"); see also Cook, 2012 WL

3634451, at *6 ("While the Appellants assert that these materials may have led to discovery of admissible evidence, they present no intelligible explanation of how that is so, nor can we detect any; the requests have every indicia of the quintessential fishing expedition.").

Therefore, as Defendant's subpoenas, seeking Plaintiff's entire employment file from his former employers, are not limited to seeking only those documents relevant to this FLSA overtime compensation action or the claims based upon an oral employment contract, they are overly broad on their face. See Hendricks, 275 F.R.D. at 255-56 (finding subpoenas to be overbroad because "compliance with the subpoenas will result in defendants receiving a plethora of documents, the vast majority of which would be completely unrelated to any possible issue in this case"); Pena, slip op. at 3-4 (holding that subpoenas seeking "the complete employment file of Plaintiff including employment application, payroll records, medical records, evaluations, correspondence and all other records omitting nothing" were overbroad and could be quashed on that basis alone) (emphasis in original); Barrington, 2007 WL 4370647, at *4 (holding that subpoenas seeking "any and all documents, files and records, reflecting or relating to the employment" of each plaintiff were "overly broad on their face"); see also Lewin v. Nackard Bottling Co., No. CV 10-8041-PCT-FJM, 2010 WL 4607402, at *1 (D. Ariz. Nov. 4, 2010) (holding subpoena of entire personnel file from former employers was overbroad); EEOC v. Vista Unified Sch. Dist., No. 07-1825-IEG(LSP), 2008 WL 4937000, at *1-2 (S.D. Cal. Nov. 17, 2008) (same); Maxwell v. Health Center of Lake City, No. 3:05cv1056-J-32MCR, 2006 WL 1627020, at *3 (M.D. Fla. June 6, 2006) (same). C.f. Smith v. United Salt Corp., No. 1:08cv53, 2009 WL 2929343, at *5-6 (W.D. Va. Sept. 9, 2009) (denying motion to quash or modify 27 subpoenas duces tecum seeking work history records and medical records from plaintiffs' prior employers where plaintiffs asserted "in a conclusory fashion" that the subpoenas were overbroad

and sought irrelevant information and where medical records were relevant to damages for severe emotional distress and mental anguish). Accordingly, the Court **FINDS** that Defendant's subpoenas duces tecum directed to Plaintiff's former employers are overbroad and should be quashed.

**C. The Court's Protective Order**

In addition to quashing the applicable subpoenas duces tecum, in order to protect Plaintiff from annoyance, embarrassment, oppression, or undue burden or expense, the Court will enter a Protective Order requiring Defendant to first obtain leave of Court before issuing any other subpoenas seeking Plaintiff's previous employment records in this case.[3] See Fed. R. Civ. P. 26(c)(1). This Protective Order shall apply to all subpoenas issued by Defendant seeking Plaintiff's previous employment records in this case with one exception: if Defendant possesses evidence indicating that Plaintiff previously engaged in FLSA litigation against any particular employer, Defendant need not seek the Court's permission before issuing a subpoena to that employer seeking documents relevant to that particular litigation. However, beyond that narrow exception, Defendant must obtain leave of Court before issuing any subpoenas seeking any of Plaintiff's previous employment records.

Moreover, given the obvious and patently overbroad nature of the subpoenas duces tecum at issue in this motion, if Defendant seeks to issue further subpoenas in this case that the Court finds to be improper, the Court will entertain a motion for costs against Defendant. Given the nature of this FLSA overtime compensation action, accompanied by an oral contract claim, it is

---

[3] Defendant argues that "[t]he request for a protective order must be based on a specific demonstration of facts rather than speculative statements about the need for a protective order and generalized claims of harm." Doc. 11 at 5 (emphasis in original) (quoting Vallejo v. Allen Vester Auto Group, Inc., No. 5:07-CV-343-BO, 2008 WL 4610233, at *2 (E.D.N.C. Oct. 16, 2008); and citing United States ex rel. Davis v. Prince, 753 F. Supp. 2d 561, 565 (E.D. Va. 2010)). But here, Defendant specifically asserts facts demonstrating the overbreadth of the proposed discovery, and preventing the production of irrelevant evidence is one of the mandates of Rule 26. See Fed. R. Civ. P. 26; see also Sirpal, 2012 WL 2880565, at *4 n.12 (construing plaintiff's motion to quash as one for a protective order under Rule 26 and using relevance and overbreadth to quash the subpoena at issue).

9

difficult for the Court to foresee what relevant evidence might be obtained from Plaintiff's previous employment records, see Hendricks, 275 F.R.D. at 253-54 ("In short, plaintiffs' former job duties and personnel files have little to no bearing on the ultimate legal question of whether plaintiffs were exempt from the FLSA overtime pay requirements while employed by defendant."); Barrington, 2007 WL 4370647, at *5 ("[C]lassification decisions are to be made on the actual job duties and responsibilities of the position at issue, and not on what jobs the person holding that position may have had in the past."), but if Defendant still seeks such information, he may seek leave of Court as outlined above.

Additionally, during the hearing, counsel for Defendant inquired of the Court whether Defendant might be able to issue subpoenas without prior Court approval seeking information relating to Plaintiff's reasons for leaving his prior employment, stating such information is relevant to credibility. First, the Court notes that, although credibility is at issue in every case, the Court will not allow Defendant to search wholesale through Plaintiff's previous employment records without first demonstrating some legitimate, good faith basis for Plaintiff's lack of credibility. To hold otherwise would be to sanction "virtually no limits on discovery once a party invokes the mantra of 'credibility' as the basis for a discovery request." Barrington, 2007 WL 4370647, at *5; see also Chamberlain, 2007 WL 2786421, at *3 ("[T]he Defendant has not alleged any reason to believe that the Plaintiff has misrepresented information during the course of this litigation with regard to his previous employment to substantiate such a broad search of his employment records on this ground."); Premer v. Corestaff Servs., LP., 232 F.R.D. 692, 693 (M.D. Fla. 2005) (refusing to require production of employer's employment records pursuant to an overbroad subpoena as overly intrusive and unnecessary where defendant failed to provide any reason to suspect the plaintiff's credibility).

Second, providing factually inaccurate information in employment documents, or having a poor employment history, will not, in and of itself, necessarily, be admissible at trial or be likely to lead to the discovery of admissible evidence. "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1); see also Zubulake v. UBS Wharburg LLC, 382 F. Supp. 2d 536, 540-41 (S.D.N.Y. 2005) (holding that evidence of prior, poor work performance was inadmissible propensity evidence under Rule 404(b)). Moreover, "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b); see also Hango v. Royall, 466 Fed. App'x 30, 34 (2d Cir. 2012) (holding both that a defendant's prior disciplinary history was properly precluded because it did not involve an element of deceit or falsification and that defendant's earlier allegedly false statements could not be admitted because proving their falsehood would have required the introduction of extrinsic evidence showing the statements made to be false). Additionally, before admitting any such evidence, the Court must consider whether its "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Consequently, if Defendant wishes to pursue such evidence, it must first seek leave of Court and present both subpoenas appropriately tailored to seek relevant evidence and authority explaining why the material sought is likely to lead to the discovery of evidence admissible at trial, or evidence which may be properly used to test credibility.

## III. CONCLUSION

For the reasons stated herein and at the October 16, 2012 hearing, the Court **FINDS** both that Plaintiff has standing to bring his Motion to Quash and that the subpoenas duces tecum at issue are overbroad on their face. Accordingly, the Court hereby **GRANTS** Plaintiff's Motion to Quash Subpoenas Duces Tecum and for a Protective Order (Doc. 7) and **ORDERS** that the applicable subpoenas duces tecum to Plaintiff's previous employers be **QUASHED**.[4]

The Court further **ORDERS** that a Protective Order is hereby entered, as described above, requiring Defendant to first obtain leave of Court before issuing any other subpoenas seeking Plaintiff's previous employment records in this case, excepting only subpoenas to a particular employer seeking documents relevant to prior FLSA litigation instituted by Plaintiff. Finally, the Court **ORDERS** that if Defendant wishes to seek documents from Plaintiff's prior employers relating to Plaintiff's prior employment, he shall first seek leave of Court and present subpoenas appropriately tailored to seek relevant evidence with authority explaining why the material sought is likely to lead to the discovery of evidence admissible at trial, or evidence properly usable to test credibility.

The Clerk is **REQUESTED** to mail a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
*HENRY COKE MORGAN, JR.*
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
Date: November 7, 2012

---

[4] If Defendant has already received any documents pursuant to these subpoenas, it shall return them to the employer that produced them, without first inspecting or copying the documents, and it shall destroy any copies already made.